IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                            CR 14-4116 JGC/KBM

RAMIRO SAENZ,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Ramiro Saenz ("Defendant"). *Doc. 54.* On July 18, 2017, this matter was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this habeas action. *See Doc. 58*; 28 U.S.C. § 636; Rule 10, *Rules Governing Habeas Corpus under Section 2255*. I find that an evidentiary hearing is unnecessary because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Defendant is not entitled to relief. *See* 28 U.S.C. § 2255(b); Rule 8(a), *Rules Governing Habeas Corpus under Section 2255*. Having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, the Court recommends that Defendant's § 2255 Motion be denied.

**I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 12, 2015, Defendant pled guilty to an Indictment charging a violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), which prohibits felons from possessing firearms

and ammunition. *Doc. 36* (Plea Agreement) at 2. In entering into this agreement Defendant admitted to the following facts:

> On or about August 21, 2014, in Doña Ana County, in the District of New Mexico, I possessed a Davis Industries, model P380, .380 caliber handgun, serial number AP482560; approximately thirty-five (35) rounds of .380 caliber ammunition; approximately forty-four (44) rounds of .38 special ammunition; and approximately seventeen (17) rounds of Winchester .380 ammunition. I had previously been convicted of possession or a firearm or destructive device by a felon, aggravated assault, tampering with evidence, and felon in possession of a firearm and ammunition. The firearm and ammunition I possessed traveled in interstate commerce before I possessed them.

*Id.* at 4. In exchange for Defendant's plea of guilty, the government agreed to recommend a three-level reduction for acceptance of responsibility and a two-level downward variance to the sentencing judge. *Id.* at 5.

The agreement, however, made explicit that these "stipulations" were *not* binding on the sentencing court:

> The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than accepted by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. **In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.**

*Id.* at 5-6 (emphasis added). Defendant further agreed that his "plea of guilty [was] freely and voluntarily made" and that "[t]here have been no representations or promises from anyone as to what sentence the Court will impose." *Id.* at 7. The import of this

provision was made clear by Magistrate Judge Gregory B. Wormuth, who accepted

Defendant's plea:

> **THE COURT:** What you have to understand about both of those agreements, and really everything that's under the stipulation section, is that those are simply agreements you have with the prosecutor, you know, with the U.S. Attorney's office.
>
> **THE DEFENDANT:** Right. Right.
>
> **THE COURT:** So, you know, if you go to your sentencing, you know, judge, it's possible that he or she could refuse to give you those reductions. And if that happened, you wouldn't be allowed to withdraw your guilty plea.
>
> Do you understand that?
>
> **THE DEFENDANT:** Yes, sir.

*Doc. 57-1* (Transcript of Plea Hearing) at 11-12.

In the agreement, Defendant also agreed to waive his appellate rights, and the right to collaterally attack his conviction, pursuant to the following language:

> The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

*Doc. 36* at 6. Magistrate Judge Wormuth made certain that Defendant understood this point as well, as evinced by the following discussion:

> **THE COURT:** All right. Now, the other thing I want to talk to you about is the waiver of appeal rights, and, you know, as you -- yours is the same as that waiver that I've talked to the couple of people before you. You know, it's -- it gives up your right to appeal, and it also gives up your right to collaterally attack or file a 2255 motion in your case. And that's -- you

>know, ordinarily, in a criminal case you have your trial or guilty plea, there is sentencing, and then there's -- there can be an appeal, and then the thing after that is the appeal of the appeal, almost. It's – that's what we call the "collateral attack." That provision in your plea agreement gives up your right to appeal and collaterally attack, except in two circumstances. As your attorney mentioned, you could argue that he somehow gave you really bad advice about entering into this plea, or you could argue that he did a really, really, really bad job in negotiating this plea agreement. Now, I'll be honest with you. When I look at this plea agreement, I can't imagine being -- you being successful on that argument, because it's -- you know, it has pretty good provisions for you.
>
>I tell you all that because I always want you to understand that, if you go forward today, you should pretty much consider that you've given up your right to appeal and your right to collaterally attack completely.
>
>Do you understand that?
>
>**THE DEFENDANT:** Yes, sir.

*Doc. 57-1* (Transcript of Plea Hearing) at 12-13.

Defendant appeared before the Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation in the District of New Mexico, for sentencing. *See Doc. 40* (Clerk's Minutes). Unfortunately for Defendant, Judge Carr decided not to follow the government's recommendations and instead imposed an upward variance. *Id.* Whereas Defendant's stipulation with the government would have resulted in a guidelines range of 41 to 51 months imprisonment, *Doc. 57-2* (Sentencing Transcript) at 2, Judge Carr imposed a term of 72 months, over Defendant's objection. *Id.* at 21, 27.

Defendant appealed *pro se*, and the Tenth Circuit appointed counsel for him. *See United States v. Saenz*, 646 F. App'x 620 (10th Cir. 2016). The government then moved to enforce the appeal waiver in Defendant's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). *Id.* As the Tenth Circuit explained, "*Hahn*

instructs us to enforce appeal waivers as long as three conditions are met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice." *Id.* (citing *Hahn*, 359 F.3d at 1325).

Pertinent to this case, Defendant's appellate counsel did not address the *Hahn* factors in response to the motion to enforce. *Id.* "Instead, [Defendant's counsel] attack[ed] the validity of the plea agreement by arguing that the sentence imposed by the district court deprived [Defendant] of the benefit of the bargain." *Id.* The Court rejected this argument, explicitly noting that "the plea agreement left no doubt that [Defendant]'s sentence was 'solely within the discretion' of the district court, which could choose to vary from the advisory sentencing guideline range[.]" *Id.* In support of its conclusion, the court quoted the portion of the plea agreement, highlighted above, where Defendant averred that he understood the stipulations with the government to be non-binding on the district court. *Id.*; *compare Doc. 36* at 5-6. Finding that "[t]he magistrate judge at the plea hearing reinforced this point well," the Tenth Circuit even quoted Judge Wormuth when he specifically cautioned Defendant that the sentencing judge "could refuse to give you those reductions." *Id.* at 622 (quoting Plea Transcript at 11-12).

In summary, the appellate court concluded that that there was mutual consideration for the plea agreement, and that it was not otherwise unlawful. *Id.* The Tenth Circuit expressly held that the sentence that Judge Carr imposed "was within the maximum statutory penalty, even though it was an upward variance from the advisory sentencing guideline range." *Id.* at 621. Finally, the Tenth Circuit panel *sua sponte*

addressed the *Hahn* factors finding that they were met because "[i]t is clear from both the plea agreement and the Rule 11 colloquy that [Defendant] knowingly and voluntarily waived his appellate rights." *Id.*

## II.   LEGAL STANDARD[1]

Defendant Saenz brings this action pursuant to 28 U.S.C. § 2255(a) which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A Section 2255 movant must allege facts that, if proven, would warrant relief from his conviction or sentence. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).

---

[1] As discussed above, there is a waiver of appellate rights in Defendant's plea agreement. Ordinarily, the government would raise this waiver and argue that it precludes Defendant's motion as a matter of procedure. *See, e.g.*, *United States v. Ellis*, 132 F. App'x 209, 211-12 (10th Cir. 2005); *United States v. Lamson*, 132 F. App'x 213 (10th Cir. 2005). This Court would then, ordinarily, engage in an analysis under *Hahn* to determine whether the waiver should be enforced. *See Ellis*, 132 F. App'x at 211 (quoting *Hahn*, 359 F. 3d at 1315). However, the government has not raised the appellate waiver in this case, or argued that it precludes Defendant's Motion, instead opting to focus its arguments on the merits of Defendant's claims. *See generally Doc. 57*. The Tenth Circuit has held that such conduct by the government waives the application of the waiver in direct appeals. *See United States v. Calderon*, 428 F.3d 928, 930-31 (10th Cir. 2005) ("the waiver is waived when the government utterly neglects to invoke the waiver in this Court"); *United States v. Evans*, 361 F. App'x 4, 7 (10th Cir. 2010) (unpublished) ("we will only enforce an appeal waiver when the government invokes the waiver against the defendant").

While the Court has been unable to find a case applying this rationale to collateral attacks, the Tenth Circuit has assumed that the government must affirmatively choose to enforce a waiver of appellate rights on collateral review in an unpublished case. *See United States v. Crane*, No. 05-6123, 2005 WL 3388602 at *2 n.3 (10th Cir. 2005) (determining that, even if the district court erred by *sua sponte* enforcing the waiver, the defendant failed to raise the government's waiver of the waiver when seeking a certificate of appealability). Because the government has not raised the appellate waiver in this case, the Court will not apply it as a procedural bar to Defendant's claims.

### III.  ANALYSIS

Defendant raises three grounds for relief in his § 2255 Motion. *See Doc. 54* at 4. First, Defendant argues that the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), invalidated the sentence in his case. *Id.* Second, Defendant claims that his appointed appellate counsel was ineffective for failing to address the "*Hahn* Factors" when arguing his case on appeal. *Id.* Finally, Defendant argues that his trial counsel was ineffective for "advising [him] to plead guilty and waive his appellant (sic) rights without explaining the significant of the appellate waiver contained in the plea agreement." *Id.*

#### A.  *Johnson* Claim

In *Johnson*, the United States Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. While Defendant was not sentenced under this provision, he was sentenced under § 2K2.1 of the United States Sentencing Guidelines, which "relies in turn on Guidelines § 4B1.2(a)'s definition of 'crime of violence.'" *United States v. House*, No. 16-1413, 2017 WL 1505059, at *1 (10th Cir. Apr. 27, 2017). Section 4B1.2(a) contains "identical language" to the residual clause of Section 924(e)(2)(B). *Id.* Accordingly, Defendant argues that "[s]ince there is no distinguishable difference between the use of the residual clause and 2K2.1 enhancement; the ruling in *Johnson* applies to this case." *Doc. 54* at 4.

Unfortunately for Defendant, this same argument was presented to the Tenth Circuit in *House*, and *House* recognizes that the relief Defendant requests is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886, 197

L.Ed.2d 145 (2017). *See House*, 2017 WL 1505059, at *1 ("*Beckles* forecloses Mr. House's argument that his Guidelines sentence violates the Fifth Amendment's Due Process Clause under *Johnson*."). This is so because, under *Beckles*, "the Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause of the Fifth Amendment." *Id.* (citing *Beckles,* 137 S. Ct. at 890; *United States v. Snyder*, 852 F. 3d 972 (10th Cir. 2017)). Accordingly, there is no merit to Defendant's first claim.

### B. Ineffective Assistance of Appellate Counsel

"Although criminal defendants are entitled to effective assistance of counsel on direct appeal . . . it is difficult to establish a claim of ineffective assistance of appellate counsel based on a failure to raise a particular issue on appeal." *United States v. Parada*, 555 F. App'x 763, 766 (10th Cir. 2014) (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985); *Upchurch v. Bruce,* 333 F.3d 1158, 1163 (10th Cir. 2003)). Claims asserting the ineffectiveness of appellate counsel are governed by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Upchurch*, 333 F.3d at 1163.

> Under *Strickland*, two prongs must be satisfied to show ineffective assistance of counsel in violation of the Sixth Amendment:
> . . .
> To establish the first component - deficient performance - a "defendant must show that counsel's representation fell below an objective standard of reasonableness. . . ." To establish the second component - prejudice - a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . ."

*Id.* (quoting *Strickland*, 466 U.S. at 687-88). It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.

*Strickland*, 466 U.S. at 697; *United States v. Frost*, 355 F. App'x 230, 232 (10th Cir. 2009).

"When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue." *Frost*, 355 F. App'x at 232-33 (citation omitted). In this case, the merits of the omitted issue have already been decided. Although Defendant's appellate counsel failed to address the *Hahn* factors in opposing the motion to enforce, the Tenth Circuit *sua sponte* raised them, and concluded, after a "careful review of the record" that they were "unequivocally" met. *Saenz*, 646 F. App'x at 622. Accordingly, Defendant suffered no prejudice from his appellate counsel's failure to address the *Hahn* factors, and his claim asserting ineffective assistance of appellate counsel is without merit.

### C. Ineffective Assistance of Trial Counsel

Defendant's third claim, challenging his trial counsel's effectiveness in advising him to plead guilty, alleges that counsel failed to explain the significance of the appellate waiver contained in the plea agreement. *See Doc. 54* at 4. Defendant claims he was prejudiced by this failure "because the plea was entered unknowingly." *Id.*

"When determining whether a waiver of appellate rights was knowing and voluntary, we examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy." *United States v. Lamson*, 132 F. App'x 213, 216 (10th Cir. 2005) (citing *Hahn*, 359 F.3d at 1325). Here, as in *Lamson*, "the language of the plea agreement is quite specific and the colloquy at the plea hearing examined [Defendant's] understanding of its terms in depth." *Id.* As demonstrated above, Magistrate Judge Wormuth explicitly questioned Defendant about

both the stipulations portion of his plea agreement and its waiver of appellate rights. The Tenth Circuit recognized as much in Defendant's direct appeal. *See Saenz*, 646 F. App'x at 622 ("[i]t is clear from both the plea agreement and the Rule 11 colloquy that [Defendant] knowingly and voluntarily waived his appellate rights."). As such, Defendant's claim that his plea was unknowing, and consequently invalid, lacks merit.

## IV. CONCLUSION

The record conclusively establishes that Defendant has failed to demonstrate any meritorious grounds for relief pursuant to Section 2255.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (*Doc. 54*) be denied and that his claims be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE